UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

August 5, 2013

LETTER TO COUNSEL:

    RE:    *William Edward Lee, Jr. v. Commissioner, Social Security Administration*;
            Civil No. SAG-12-1987

Dear Counsel:

       On July 3, 2012, the Plaintiff, William Edward Lee, Jr., petitioned this Court to review the Social Security Administration's final decision to deny his claims for Supplemental Security Income and Disability Insurance Benefits prior to June 5, 2009. (ECF No. 1). I have considered the Commissioner's motion for summary judgment (ECF No. 20). Mr. Lee, who appears *pro se*, has not filed a motion for summary judgment or an opposition to the Commissioner's motion.[1] I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commissioner's motion. This letter explains my rationale.

       Mr. Lee filed his initial claims on November 25, 2002, alleging disability beginning on February 10, 1997. (Tr. 109-11, 124, 425). His claims were denied initially and on reconsideration. (Tr. 95-100, 102-04, 305-09). Hearings were held on December 13, 2005 and July 27, 2006 before Administrative Law Judges ("ALJs"). (Tr. 42-94). Following the hearings, on January 16, 2007, an ALJ determined that Mr. Lee was not disabled during the relevant time frame. (Tr. 22-27). After the Appeals Council denied Mr. Lee's request for review, (Tr. 5-7), he filed an appeal to this Court. He also filed a subsequent claim for Supplemental Security Income payments on February 5, 2007. (Tr. 466, 557). After that subsequent claim was denied, he had a hearing on the subsequent claim before a new ALJ on July 22, 2009. (Tr. 553-88). Eight days later, this Court remanded Mr. Lee's initial claims for further consideration by the ALJ. (Tr. 425, 445-64). Mr. Lee's counsel requested that the ALJ issue a combined decision on the initial claims and the subsequent SSI claim. (Tr. 426, 466). On November 30, 2009, the ALJ issued a

---

[1] On January 2, 2013, Mr. Lee, who had been represented by counsel during his agency proceedings, requested that an attorney be appointed to assist with his appeal. [ECF No. 17]. I denied the request, but stayed the case for 60 days to allow Mr. Lee an opportunity to retain counsel, since his counsel would be eligible for payment pursuant to the Equal Access to Justice Act. [ECF No. 18]. Mr. Lee did not file anything further in this case, although a Rule 12/56 letter was sent to him after the Commissioner filed a dispositive motion. [ECF No. 21].

partially favorable decision, finding Mr. Lee disabled as of June 5, 2009. (Tr. 420-21, 425-41). On March 16, 2010, an ALJ amended the decision to clarify that Mr. Lee was found not disabled prior to his date last insured of March 31, 2000, and therefore that his claim for Disability Insurance Benefits was denied. (Tr. 414-19). The Appeals Council denied Mr. Lee's request for review on May 14, 2012 (Tr. 382-85), making the ALJ's 2009 decision the final, reviewable decision of the agency.

The ALJ found that since the alleged onset date, Mr. Lee had suffered from the severe impairments of an affective disorder, polysubstance abuse, degenerative joint disease, and osteoarthritis of the hips. (Tr. 428). Despite these impairments, the ALJ determined that through June 4, 2009, Mr. Lee retained the residual functional capacity ("RFC") to perform:

> light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant is limited to one to two step tasks with short, simple instructions; no more than occasional climbing, balancing, stooping, kneeling, crouching, and crawling; no interaction with the general public; and no more than occasional interaction with co-workers and supervisors.

(Tr. 431). After considering the testimony of a vocational expert ("VE"), the ALJ determined that, prior to June 5, 2009, Mr. Lee could perform jobs that exist in significant numbers in the national economy, and that he was therefore not disabled during that time frame. (Tr. 439-40). However, the ALJ determined that as of June 5, 2009, Mr. Lee's chronic pain and fatigue rendered him unable to "maintain an eight hour work day on a regular and continuing basis." (Tr. 438). The ALJ therefore awarded SSI benefits as of June 5, 2009, and recommended a continuing disability review in 12 months in light of the expectation of medical improvement. (Tr. 441).

Mr. Lee, who appears *pro se*, has not filed a motion in support of his appeal. I have carefully reviewed the ALJ's opinion and the entire record. For the reasons described below, substantial evidence supports the ALJ's decision.

The ALJ's sequential evaluation appears to address, at step two, each of the impairments Mr. Lee suffered during the relevant time frame, including his mental health impairments and his hip and joint impairments. (Tr. 428). The ALJ cited, by reference to the treating entities, to the medical exhibits supporting her evaluation of Mr. Lee's severe impairments. *Id*. The ALJ also evaluated several more minor medical issues, which she found to be non-severe. (Tr. 429). After finding at least one severe impairment, the ALJ continued with the sequential evaluation process and considered all of the impairments, both severe and non-severe, that significantly impacted Mr. Lee's ability to work. *See* 20 C.F.R. § 404.1523. Accordingly, I find no basis for remand.

At step three, the ALJ determined that Mr. Lee's impairments did not meet the specific requirements of, or medically equal the criteria of, any listings. (Tr. 429-30). The ALJ expressly

evaluated listings 1.02A, 1.04A, B, and C, 12.04, 12.06, and 12.09. *Id.* With respect to each of those listings, the ALJ expressly indicated which requirements of the listings were not met. *Id.* In addition, with respect to the mental health listings, the ALJ applied the required special technique to evaluate Mr. Lee's functional abilities in the four specified areas. *Id.* I concur with the ALJ's assessment.

At step four, the ALJ provided a detailed summary of Mr. Lee's testimony and the information he provided about his activities of daily living (ADLs). (Tr. 431-32). The ALJ also provided support for her negative credibility assessment, citing the "objective findings of the claimant's treating examiners," the lack of any attempts to work in the twelve years preceding the opinion, the lack of any medical treatment for several years following the alleged onset date, and the claimant's activities of daily living. (Tr. 436-38). Specifically, the ALJ noted that Mr. Lee continued to prepare some meals, perform household chores, independently use public transportation, engage in child care, and maintain certain regular social contact. (Tr. 437-38). The ALJ included a detailed summary of the medical evidence of record from the alleged onset date through the date of the opinion. (Tr. 432-38). For example, the ALJ noted medical records showing full flexion and extension of the knee without pain in 2002 (Tr. 163, 245, 432-33), a relatively normal MRI of the knee in the same time frame, (Tr. 226, 259, 433), and no acute distress in 2003, (237, 433). In 2004, the claimant had a consultative examination with Dr. Willie Yu. (Tr. 205). The ALJ noted that Dr. Yu's examination revealed only "a mild degree of limitation of the bilateral hip joints," and gave Dr. Yu's opinion great weight. (Tr. 434). In 2004, diagnostic testing again revealed no acute abnormalities in Mr. Lee's knee, ankle, hips, or back. (Tr. 251-59). In 2006, Mr. Lee underwent another consultative examination with Dr. Seth Tuwiner. Dr. Tuwiner concluded that the examination showed evidence of arthritis with a fair prognosis, and determined that Mr. Lee could perform a limited range of light work. (Tr. 285-88). The ALJ assigned Dr. Tuwiner's opinion great weight. (Tr. 435). Later in 2006, Mr. Lee treated with Dr. Rauchwerger, who noted no acute distress and no "significant reason why he should not be able to work." (Tr. 376-78). In 2008, Mr. Lee again appeared for arthritis treatment after several years without treatment, but doctors again noted no acute findings. (Tr. 436, 550-52). Given all of those records pertaining to the period pre-dating June 5, 2009, I find that the ALJ's conclusion was premised on substantial evidence.

The ALJ provided similar support for her conclusion relating to Mr. Lee's mental impairments. Specifically, the ALJ noted a positive reaction to prescribed medication in 2003 (Tr. 433, 477-79), notations from his treating psychiatrist later in 2003 that he was "cheerful" and that his depression was "in remission," (Tr. 434, 476), representations in 2004 that he was stable and not depressed, (Tr. 221, 434), a consultative examination in 2006 in which the examiner concluded that his medical history was "possibly scripted" and that he did not present a disabling medical condition (Tr. 295-99, 435), and another good response to prescribed Lexapro upon a return to mental health treatment in 2007. (Tr. 437, 512-14). Those records provide substantial evidence to support the ALJ's conclusion.

*William E. Lee, Jr. v. Commissioner, Social Security Administration*
Civil No. SAG-12-1987
August 5, 2013
Page 4

In addition, the ALJ provided substantial evidence to support her decision that June 5, 2009 was the appropriate onset date. Specifically, Mr. Lee sought treatment from orthopedist Dr. Michael Winslow on that date, and X-rays revealed worsening severe osteoarthritis at the right hip. (Tr. 548). Dr. Winslow noted on that date that Mr. Lee had been "pretty much status quo and tolerating all of these areas," but that Mr. Lee's right hip pain had "become much more severe." (Tr. 547). My review of the ALJ's decision is limited to whether substantial evidence supports the decision and whether correct legal standards were applied. *Richardson v. Perales,* 402 U.S. 389, 390, 401 (1971). I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *Hays v. Sullivan,* 907 F.2d 1453, 1456 (4th Cir. 1990). In light of the lack of substantial evidence to support disability prior to June 5, 2009, but the records from Dr. Winslow demonstrating a condition requiring surgery, (Tr. 545), I cannot find that the ALJ erred in determining an onset date of June 5, 2009. In considering the entire record, substantial evidence supports the RFC determined by the ALJ.

The ALJ also appropriately completed step five of the sequential evaluation. The ALJ heard testimony from the VE regarding the ability of a person with Mr. Lee's RFC to perform work. (Tr. 581-82). The VE responded by identifying several positions including hand packer/worker and assembler at both the sedentary and light levels of exertion. (Tr. 582). In addition, although it did not eventually become part of the RFC determined by the ALJ, the VE noted that the identified jobs would allow Mr. Lee to sit or stand at will. (Tr. 583-84). The ALJ credited the VE's testimony. (Tr. 440). The ALJ's step five determination, therefore, was supported by substantial evidence.

For the reasons set forth herein, the Commissioner's motion for summary judgment (ECF No. 20) will be GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge